IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY SUNSHINE,** *on behalf of himself and all others similarly situated,* | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| v. | : | No. 10-01030 |
| | : | |
| **REASSURE AMERICA LIFE INSURANCE COMPANY and SWISS RE LIFE & HEALTH AMERICA, INCORPORATED,** | : | |
| | : | |
| **Defendants.** | : | |

**NORMA L. SHAPIRO, J.**                                                                                  **FEBRUARY 22, 2011**

## MEMORANDUM

Plaintiff Barry Sunshine, insured, filed a complaint on behalf of himself and all others similarly situated against Reassure American Life Insurance Company ("Reassure") and Swiss Re Life and Health America, Inc. ("Swiss Re"). The class action complaint alleges that defendant insurance companies prematurely terminated disability insurance benefits owed to Mr. Sunshine and other similarly situated insureds. Before the court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, motion to strike punitive damages under Federal Rule of Civil Procedure 12(f).

Prior to deciding defendants' motion, we must address subject matter jurisdiction. Jurisdiction is the power to declare the law, and without it, a court may not proceed. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* In the class action context, subject matter jurisdiction is generally assessed prior to class certification. *See Samuel-Bassett v. KIA*

*Motors Am., Inc.*, 357 F.3d 392, 395-96, 403 (3d Cir. 2004) (vacating district court's order certifying class and remanding to district court for determination of subject matter jurisdiction). Even if no party raises the issue, a court is obligated to address its subject matter jurisdiction *sua sponte*. *Steel Co.*, 523 U.S. at 94.

The complaint raises no federal question. It alleges subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and supplemental jurisdiction, 28 U.S.C. § 1367, over remaining state law claims. CAFA grants district courts original jurisdiction over any civil action that has minimal diversity between the parties and the amount in controversy exceeds $5 million exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). Damages of individual class members are aggregated to determine whether the action satisfies the required amount in controversy requirement. *Id.* § 1332(d)(6). Class certification is not a prerequisite. *See id.* § 1332(d)(8) ("This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action."); *Bell v. Money Resources Corp.*, No. 08-639, 2009 WL 382478, at *3 (E.D. Pa. Feb. 12, 2009). The complaint states only that CAFA's requirements are satisfied because "at least one of the members of the proposed class is a citizen of a state other than the state(s) of the Defendants' citizenship, and the total amount in controversy exceeds $5 million exclusive of interests of costs." Compl. ¶ 12.

CAFA's requirement of minimal diversity is satisfied. The complaint states that plaintiff resides in and is a citizen of Pennsylvania. Compl. ¶ 6. The complaint also states that defendant Reassure is a citizen of Indiana, its place of incorporation and primary place of business, Compl. ¶ 7, and that defendant Swiss Re is a citizen of Delaware, its place of incorporation, and Connecticut, its primary place of business. Compl. ¶ 9.

As to the amount in controversy, "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). This is plaintiff's burden to show; "CAFA does not change the proposition that plaintiff is the master of [his] own claim." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006). Plaintiff must allege the jurisdictional facts upon which subject matter jurisdiction is based. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936). Plaintiff's "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." *Samuel-Bassett*, 357 F.3d at 403.

"It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co.*, 303 U.S. at 288-89. Paragraph 12 of the complaint states that jurisdiction under CAFA exists because the amount in controversy exceeds $5 million; this legal conclusion is insufficient to establish subject matter jurisdiction without accompanying allegations of the underlying jurisdictional facts. The complaint fails to allege underlying jurisdictional facts concerning the amount in controversy. Neither compensatory nor punitive damages are quantified in the complaint.[1] The complaint does not state the amount of Mr. Sunshine's actual loss, nor the actual loss of any putative class members, from the alleged premature termination of disability insurance benefits. The complaint does not satisfy the amount in controversy requirement.

The court raised concerns about subject matter jurisdiction at oral argument. Counsel for

---

[1] Claims for punitive damages may be aggregated with claims for compensatory damages to determine the amount in controversy, but if punitive damages are "patently frivolous and without foundation," punitive damages are stricken from the amount in controversy. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (quoting *Gray v. Occidental Life Ins. Co.*, 387 F.2d 935, 936 (3d Cir. 1968)). Defendants argue that plaintiff's claim for punitive damages is without foundation and should be stricken. We will reserve judgment on this issue.

plaintiff stated on the record that Mr. Sunshine's total loss from the alleged premature termination of his disability insurance benefits was approximately $46,000. Hr'g Tr. 3, 4:1-21. This is insufficient to meet the $75,000 amount in controversy requirement for diversity jurisdiction in an individual action. *See* 28 U.S.C. § 1332(a). It is also insufficient to show that CAFA's $5 million amount in controversy requirement will be satisfied, since plaintiff's counsel stated he believed jurisdiction existed under CAFA but was unable to present facts establishing this, such as the aggregate actual loss of putative class members, or assuming each class member's loss was of a similar amount to Mr. Sunshine, an estimate of the number of putative class members. *See* Hr'g Tr. 4:24-25, 5:1-23.[2]

Plaintiff's complaint will be dismissed, without prejudice, for lack of subject matter jurisdiction. Plaintiff will be granted leave to file an amended complaint if he can properly allege subject matter jurisdiction. An appropriate order follows.

---

[2] Counsel for plaintiff also suggested at oral argument that subject matter jurisdiction may "be a matter that could be stipulated between the parties." Hr. Tr. 5:22-23. Subject matter jurisdiction cannot be stipulated. "[P]arties may not confer subject matter jurisdiction by consent." *Samuel-Bassett*, 357 F.3d at 296.