IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY SUNSHINE,** *on behalf of himself* | : | **CIVIL ACTION** |
| *and all others similarly situated* | : | |
| | : | |
| v. | : | |
| | : | **No. 10-1030** |
| **REASSURE AMERICA LIFE** | : | |
| **INSURANCE COMPANY and SWISS** | : | |
| **RE LIFE & HEALTH AMERICA,** | : | |
| **INCORPORATED.** | : | |

**NORMA L. SHAPIRO, J.**                                                                 **MARCH 6th, 2012**

### MEMORANDUM

Plaintiff Barry Sunshine ("Sunshine") filed an amended class action complaint[1] under Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and all others similarly situated against defendants Reassure America Life Insurance Company ("Reassure") and Swiss Re Life & Health America, Incorporated ("Swiss Re").[2] Sunshine's counsel has not moved for class certification. Sunshine claims the court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount-in-controversy exceeds $75,000.00.[3]

---

[1]By Memorandum and Order dated February 22, 2011, the court granted Reassure's first motion to dismiss Sunshine's complaint without prejudice for lack of subject matter jurisdiction. *See Sunshine v. Reassure Am. Life Ins. Co.*, 2011 WL 666054 (E.D. Pa. Feb. 22, 2011). Sunshine filed an amended complaint on June 9, 2011, over three months after the court dismissed Sunshine's initial complaint.

[2]The court will refer to Reassure and its corporate parent, Swiss Re, collectively, as "Reassure."

[3]Sunshine attached the Declaration of Linda Millar to his amended class action complaint. Pl.'s Am. Compl. Ex. B. Millar, the Vice President and Claims Manager for Reassure, states that the aggregate amount of disputed disability benefits that could be paid to potential class members is approximately $5,600,000.00. *Id.* ¶ 7. Although this satisfies the amount-in-controversy requirement for
(continued...)

Sunshine alleges Reassure prematurely terminated disability insurance benefits owed to him.  Sunshine asserts four counts under Pennsylvania law: breach of contract (Count I); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count II); fraud (Count III); and unjust enrichment (Count IV).  Sunshine requests injunctive relief, actual damages in the amount of $46,000.00, treble and punitive damages, and attorney's fees.

Reassure moved to dismiss Sunshine's amended complaint, in its entirety, under Federal Rule of Civil Procedure 12(b)(6) and to strike Sunshine's prayer for punitive damages under Federal Rule of Civil Procedure 12(f).  Sunshine did not oppose Reassure's motion to dismiss Count IV but opposed its motion to dismiss Counts I, II, and III and to strike Sunshine's prayer for punitive damages.  At oral argument, the court dismissed Counts II and IV with prejudice and granted the motion to strike Sunshine's prayer for punitive damages.  The court now also grants the motion to dismiss Count III with prejudice.

Having dismissed Counts II, III, and IV with prejudice, the court must consider whether it still has subject matter jurisdiction over Count I.  The court must dismiss an action, at any stage of the litigation, when it appears to a "legal certainty" that it lacks subject matter jurisdiction. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (subject matter jurisdiction may be raised initially by either parties, or *sua sponte* by the court, at any stage of the litigation, including appeal).  The court will *sua sponte* dismiss the action without prejudice for lack of subject matter

---

[3](...continued)
a class action under 28 U.S.C. § 1332(d)(2), Sunshine's counsel has not moved to certify the putative class action.  The court only considers Sunshine's individual action in determining subject matter jurisdiction.  Millar's declaration does not state that Sunshine or any other individual in the potential class seeks to recover unpaid disability benefits in excess of $75,000.00.

jurisdiction because Sunshine, claiming actual damages only in the amount of $46,000.00 on Count I, no longer meets the amount-in-controversy requirement under 28 U.S.C. § 1332(a).[4] *See Prof'l Cleaning & Innovative Bldg. Serv. v. Kennedy Funding, Inc.*, 408 Fed. Appx. 566, 576 (3d Cir. 2010) (unpublished) (affirming dismissal of the action when plaintiff did not meet the amount-in-controversy requirement after the district court dismissed most of plaintiff's claims as well as a request for punitive damages).[5]

## I.     Background

Sunshine alleges that, on or about September 21, 1990, he was issued a disability insurance policy by Reassure.  The amended complaint states that the date of application and issuance was November 21, 1990, but the insurance policy lists the issuance date as September 21, 1990; the anniversary date of the insurance policy is September 21 rather than November 21. Sunshine made premium payments according to the terms of the policy.

When Sunshine became disabled and received disability benefits, he was released from the obligation to pay premiums.[6]  Although the pleadings do not state Sunshine's date of disability, the parties agreed at oral argument that he became disabled prior to age 63.  On Sunshine's 65th birthday, March 22, 2009, Reassure ceased paying disability benefits to

---

[4]In dismissing Sunshine's complaint, the court does not preclude another putative class member from bringing an action, as there has been no notice to members of the proposed Rule 23(b)(3) class. "[W]hen absent class members are entitled to notice as a matter of due process, formal notice must be provided advising absent class members of the pendency of the action and their right to participate before being precluded from bringing their own action." *Beer v. United States*, No. 2010-5012, slip op. at 18 (Fed. Cir. Feb. 17, 2012).

[5]Although *Prof'l Cleaning* is an unpublished opinion that lacks precedential value, its reasoning is persuasive because of the factual similarities with this action.  *See Photomedex, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2008 WL 324025, at *20 n.38 (E.D. Pa. Feb. 6, 2008).

[6]Under the policy's "Waiver of Premium" provision, Sunshine did not have to pay premiums while disabled.

Sunshine.

Sunshine alleges that termination of benefits on his 65th birthday was a breach of the insurance policy because it provided benefits until the anniversary date following his 65th birthday. Sunshine also alleges Reassure failed to reveal he would have been required to pay premiums to the anniversary date following his 65th birthday (September 21, 2009) had he not become disabled. Sunshine further alleges that because the insurance policy provided that he pay premiums to the anniversary date following his 65th birthday, but payment of benefits ceased six months earlier, Reassure "devised a payment schedule in which policyholders would pay premiums for a period during which they were not eligible to receive benefits." Pl.'s Am. Compl. ¶ 42.

Sunshine brought suit on his own behalf and on behalf of similarly situated proposed class members. The proposed class includes:

> All persons who purchased or paid premiums for an individual disability insurance policy written by Maccabees Mutual Life Insurance Company (now Reassure) and subsequently administered by Reassure and/or Swiss Re, received disability benefits pursuant to the policy, and had their benefit payments terminated prior to the policy's Anniversary Date occurring after the policyholder's sixty-fifth birthday.

Pl.'s Am. Compl. ¶ 23.

**II.     Discussion**

The court has diversity jurisdiction over Sunshine's individual action if the amount-in-controversy exceeds $75,000.00 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Sunshine is a citizen of Pennsylvania, defendant Reassure is a citizen of Indiana, and defendant Swiss Re is a citizen of Delaware and Connecticut. The parties have diversity of

4

citizenship under 28 U.S.C. § 1332(a)(1). Sunshine claims approximately $46,000.00 in actual damages, plus treble damages and punitive damages. "When punitive damages *are available*, they are to be aggregated with actual damages when determining whether a plaintiff has satisfied the amount-in-controversy requirement." *Prof'l Cleaning & Innovative Bldg. Serv.*, 408 Fed. Appx. at 576 (emphasis added). The issue is whether punitive or treble damages are available to be aggregated with actual damages when determining whether Sunshine satisfies the amount-in-controversy requirement.

The court must first address whether Counts II, III, and IV are properly dismissed to determine whether Sunshine may recover punitive or treble damages. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, a motion to dismiss is appropriate because the insurance policy provisions in dispute are unambiguous and may be interpreted as a matter of law. *See Ins. Adjustment Bureau v. Allstate Ins. Co.*, 905 A.2d 462, 469 (Pa. 2006).

The court must determine which state's law governs the action. A federal district court sitting in diversity must apply the choice-of-law rules of the state where it sits. *See Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 170 (3d Cir. 2011). Under Pennsylvania law, the law of the state in which an insurance policy is issued and delivered governs the action. *See Bennison v. Nationwide Mut. Ins. Co.*, 42 Pa. D. & C.4th 466, 473 (Pa. Ct. Com. Pl. 1999). "In absence of a determination as to where a contract was delivered, Pennsylvania courts presume the insured's residence as being the place of delivery regarding a determination of which state's law governs." *Id*. The parties have not stated where the insurance policy in dispute was issued and delivered,

and the insurance policy does not provide a choice of law.  Pennsylvania law governs the action because Sunshine is a citizen of Pennsylvania, Sunshine brought claims under Pennsylvania law, Sunshine filed the action in the Eastern District of Pennsylvania, and both parties rely on Pennsylvania law in their briefs.

### A.     Pennsylvania Unfair Trade Practices and Consumer Protection Law

In Count II, Sunshine brings a claim under the UTPCPL.  The UTPCPL prohibits "deceptive acts or practices in the conduct of any trade or commerce . . . ." 73 P.S. § 201-3.  The definition of an unfair or deceptive act or practice includes false advertising, misrepresenting the condition of a product, and engaging in fraudulent conduct that creates a likelihood of confusion or misunderstanding.  73 P.S. § 201-2(4).  The UTPCPL provides the court with discretion to award treble damages.  73 P.S. § 201-9.2(a).

Sunshine claims that, in failing to pay him disability benefits after his 65th birthday, Reassure violated the UTPCPL by: (1) falsely advertising and misrepresenting the terms of the insurance policy to induce Sunshine to purchase the policy; (2) devising a payment schedule that required Sunshine to pay premiums during a time where he was ineligible for disability benefits; and (3) failing to pay disability benefits under the terms of the insurance policy.  Reassure contends that the UTPCPL claim fails because Reassure did not breach the terms of the insurance policy and the UTPCPL claim is barred by the economic loss doctrine.

The economic loss doctrine bars tort claims intertwined with contract claims. "[E]conomic losses may not be recovered in tort (negligence) absent physical injury or property damage." *Spivak v. Berks Ridge Corp.*, 586 A.2d 402, 405 (Pa. Super. Ct. 1990).  The Pennsylvania Supreme Court has not addressed whether the economic loss doctrine applies to

UTPCPL claims. The Court of Appeals, noting that Pennsylvania courts have shown a lack of hospitality to tort liability for purely economic loss, has predicted that the Pennsylvania Supreme Court would apply the economic loss doctrine to UTPCPL claims. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680-81 (3d Cir. 2002) (citation omitted). In the absence of a contrary decision by the Pennsylvania Supreme Court, the court is bound by *Werwinski*. *See*, *e.g.*, *Heindel v. Pfizer Inc.*, 381 F. Supp. 2d 364, 385 (D.N.J. 2004).

Sunshine's action is premised on a breach of contract claim. Sunshine cannot convert his claim to a tort claim by alleging that Reassure's failure to pay disability benefits to Sunshine means Reassure made misrepresentations and false advertisements when selling him the disability insurance. Count II was properly dismissed with prejudice at oral argument. Sunshine cannot recover treble damages for violation of the UTPCPL.

**B.     Fraud**

At oral argument, Sunshine stated that Count III is based on a claim for fraud in the inducement. The elements for fraud in the inducement are: "'(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.'" *Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1185 (Pa. Super. Ct. 2005) (citation omitted). Sunshine may recover punitive damages for the fraud claim if there are aggravating circumstances. *See Smith v. Renaut*, 564 A.2d 188, 193 (Pa. Super. Ct. 1989).

Sunshine claims Reassure misrepresented that the policy's disability benefits were

payable to the anniversary date following the policyholder's 65th birthday. Sunshine claims he paid premiums to Reassure in reliance on that misrepresentation. Reassure contends that Sunshine fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b) and the fraud claim is also barred by the economic loss doctrine.

Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud or mistake." "[P]laintiff must . . . inject precision and some measure of substantiation into [the] allegations [of fraud] . . . . who, what, when, where, and how . . . ." *Sun Co., Inc. v. Badger Design & Constructors*, 939 F. Supp. 365, 369 (E.D. Pa. 1996) (citation omitted). Sunshine fails to assert, in either his amended complaint or at oral argument, an affirmative misrepresentation made by Reassure that induced Sunshine to purchase and maintain the insurance policy. Sunshine's allegation that Reassure misrepresented the length of the benefit period limit provision by entering into the contract with Sunshine does not satisfy Rule 9(b).

The fraud claim also fails for the same reason as the UTPCPL claim. The Court of Appeals has predicted that the Pennsylvania Supreme Court would apply the economic loss doctrine and bar tort claims intertwined with contract claims as to a claim of intentional fraud. *See Werwinski*, 286 F.3d at 680-81. As in *Werwinski,* Sunshine's fraud allegations are "undergirded by factual allegations identical to those supporting [his] breach of contract" claim and "did not cause harm to [Sunshine] distinct from [that] caused by the breach of contract." *Id*. at 678. The fraud claim is barred by the economic loss doctrine. *See e.g., Stein v. Fenestra Am., LLC*, 2010 WL 816346, at *4-5 (E.D. Pa. March 9, 2010) (the economic loss doctrine under *Wewinski* barred plaintiff's fraud in the inducement claim).

Even if Sunshine could proceed on his fraud claim, he would not be able to show that he

justifiably relied on Reassure's alleged misrepresentations.  When a fully integrated contract's terms are clear and unambiguous, the parol evidence rule bars evidence of prior negotiations to support a claim for fraud in the inducement.  *See Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 205-07 (Pa. 2007).  The language of an insurance policy "is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Ins. Adjustment Bureau*, 905 A.2d at 468-69.  Determining whether the insurance policy's terms are ambiguous is an issue of law when, as here, there are no disputed issues of fact.  *See STV Eng'rs, Inc. v. Greiner Eng'g, Inc.*, 861 F.2d 784, 787 (3d Cir. 1988).

      The insurance policy clearly and unambiguously provides disability benefits until the policyholder's 65th birthday if the policyholder becomes disabled before age 63.  "Where the policy contains definitions for the words contained therein, the court will apply those definitions in interpreting the policy."  *Monti v. Rockwood Ins. Co.*, 450 A.2d 24, 25 (Pa. Super. Ct. 1982). The policy defines the benefit period limit as "the longest period of time that benefits will be paid for a Total or Residual Disability or combination thereof.  The Benefit Period Limits are shown on the Schedule Page."  Pl. Am. Compl. Ex. C.  The policy's schedule page provides that the benefit period limit for disability because of accident or sickness is "To age 65."  *Id.*

      The court must construe words of common usage in their natural, plain, and ordinary sense.  *See Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 108 (Pa. 1999). The court may inform its understanding of those terms by considering their dictionary definition. *Id*.  The plain and ordinary meaning of the phrase "To age 65" is to a policyholder's 65th birthday.  *See* Webster's Ninth Collegiate Dictionary 1239 (9th ed. 1983) (stating that "to" is synonymous with "before" and "till" when used as a function word to indicate position or

relation in time).

Sunshine has mistakenly construed terms in the policy pertaining to the guaranteed renewable provision as applicable to the benefit period limit.  The insurance policy's guaranteed renewable provision states that the policyholder "can renew this Policy to the policy anniversary closest to your 65th birthday by paying the premiums shown on the Schedule Page as they become due."  Pl. Am. Compl. Ex. C.  The policy's schedule of benefits states that the date to which premiums are payable is September 21, 2009 (in the absence of a premium waiver for disability).  *Id.*  This clear and unambiguous language details the time in which a policyholder is guaranteed the right to renew the policy (*i.e.*, without having to provide evidence of insurability), as opposed to conditional renewal of the policy (*i.e.*, requiring further evidence of insurability).  These provisions do not apply to the limit for disability benefits, *i.e.*, "To age 65," for a policyholder whose disability began before age 63 and whose premiums have therefore been waived.  Sunshine cannot claim that his misinterpretation of the unambiguous insurance policy justifies its modification.  *See Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 567 (Pa. 1983) (where "the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he . . . did not understand it.").

Sunshine fails to plead his fraud claim with particularity under Rule 9(b), and cannot convert his breach of contract claim to a fraud claim.  Even if his fraud claim proceeded, Sunshine would be unable to establish justifiable reliance on Reassure's alleged misrepresentations because the insurance policy terms are unambiguous.  Count III of the amended complaint will be dismissed with prejudice.  Sunshine cannot recover punitive damages

for fraud in the inducement.

### C. Unjust Enrichment

Sunshine claims Reassure was unjustly enriched because policyholders allegedly paid insurance premiums for a period of time during which policyholders were ineligible for disability insurance benefits (*i.e.*, the time between a policyholder's 65th birthday and the anniversary date following his 65th birthday). Sunshine cannot recover punitive damages for his claim of unjust enrichment. *See Danlin Mgmt. Grp., Inc. v. Sch. Dist. of Phila.*, 2005 WL 2140314, at *3 (Pa. Ct. Comm. Pl. Aug. 29, 2005).

Reassure argues Pennsylvania law bars an unjust enrichment claim when an express contract, the insurance policy, governed the parties' relationship. Sunshine has not responded to the motion to dismiss the unjust enrichment count.

The equitable doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement. *See Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006). An action based on unjust enrichment is an equitable action sounding in quasi-contract, a contract implied in law. *See Sevast v. Kakouras*, 915 A.2d 1147, 1153 n.7 (Pa. 2007). Sunshine cannot prevail in an equitable action for unjust enrichment because the obligation to pay disability benefits in exchange for premium payments was governed by a written agreement, the insurance policy. Count IV was properly dismissed with prejudice at oral argument. Sunshine cannot recover treble or punitive damages for unjust enrichment.

### D. Subject Matter Jurisdiction

With Count I the only remaining claim against Reassure, the court must consider whether it still has subject matter jurisdiction over this action. Sunshine cannot recover punitive damages

for his remaining claim for breach of contract.  *DiGregorio v. Keystone Health Plan E.*, 840 A.2d 361, 370 (Pa. Sup. Ct. 2003).  Sunshine cannot otherwise recover punitive or treble damages because the court has dismissed Counts II, III, and IV.  *See Suber v. Chrysler Corp.*, 104 F.3d 578, 587 (3d Cir. 1997) (plaintiff could include treble damages in calculating the amount-of-controversy only when he was not "precluded to a legal certainty" from recovering under his claims).

Even if punitive damages were available, Sunshine has failed to show that he would be entitled to recover punitive damages.  Punitive damages are only appropriate when a defendant's actions constitute "outrageous" conduct that shows "defendant's evil motive or his reckless indifference to the rights of others."  *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984) (citation omitted).  The parties agree that Reassure paid disability benefits to Sunshine until his 65th birthday.  Reassure's failure to pay Sunshine disability benefits from his 65th birthday to the anniversary date following his 65th birthday, if actionable, was not outrageous conduct showing evil motive or reckless indifference, especially when Reassure's interpretation of the unambiguous policy was correct.

Sunshine seeks to recover actual damages of $46,000.00 for his breach of contract claim.  That amount is well below the $75,000.00 amount-in-controversy threshold under 28 U.S.C. § 1332(a).  The court does not have diversity jurisdiction over Sunshine's breach of contract claim.

The motion to strike Sunshine's request for punitive damages was properly granted at oral argument.  The court will dismiss Sunshine's remaining breach of contract action (Count I) for lack of subject matter jurisdiction without prejudice.

### III.     Conclusion

At oral argument, the court granted the motion to dismiss Counts II and IV with prejudice and the motion to strike Sunshine's prayer for punitive damages.  The court will now grant the motion to dismiss Count III with prejudice.  The court will *sua sponte* dismiss without prejudice Count I for lack of subject matter jurisdiction.  An appropriate order follows.